No. 851.

MARIE ELODIE PERRET, wife, etc. *v.* BERNARD SANARENS and SHERIFF.

The plaintiff having a legal mortgage on a certain piece of land at the time of its being given to her by her husband, in payment of a valid debt which he owed to her, took said land free from defendant's mortgage which was junior to her's, and which she could have disregarded in enforcing her rights, by the sale of said property, without giving good cause of complaint to said junior mortgagee.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *Edward Simon*, for plaintiff and appellant. *A. C. Dumartrait*, for defendant and appellee.

LUDELING, C. J. In 1857, the plaintiff received by donation from her mother, $3400 in cash. The plaintiff's father testified that this money was paid or delivered to her husband, Charles Armelin.

In 1866, to reimburse his wife this sum of money, he made a *dation en paiement* to his wife by notarial act in due form, and she was put in possession of the real and personal property, appraised by two appraisers at $3267.

Subsequently, she sold portions of the real estate to different persons. In 1871, B. Sanarens, who had had a mortgage on the real estate, executed by the husband, Charles Armelin, in 1866, caused the said lands to be seized and advertised for sale under his mortgage, proceeding against M. E. Perret and her vendees as third possessors of the mortgage property. Mrs. Armelin, née Perret, injoined the sale.

There was judgment dissolving the injunction with damages and the plaintiff has appealed.

The facts already stated show that the plaintiff had a valid debt against her husband for $3400, and that he transferred to her, by notarial act, property worth less than her debt, in satisfaction or extinc-

38

tion thereof. At the date of said transfer, her legal mortgage existed on the land and she might have enforced it by the sale of the property, without any reference to the mortgage of Sanarens, which was junior to hers. So she could take the property in payment of her debt, without giving cause of complaint to the junior mortgagee. C. C. 2421, 2399, 2402; 8 An. 484. He has not shown that the property was given for an inadequate price or that he has been injured by the *dation en paiement*.

The defendant took a bill of exceptions to the testimony of Ursin Perret on the grounds that it contradicted the notarial act of donation to his daughter. We agree with the district judge that his testimony does not conflict with said act. The donation was made to the daughter, and the testimony of U. Perret shows that the money was delivered to the husband.

The other bills of exceptions are unimportant.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, that the injunction be perpetuated and that the plaintiff, M. E. Perret, have judgment against Bernard Sanarens for one hundred and fifty dollars damages and costs in both courts.